Western Dist.
September, 1840.

M'CASKEN
vs.
SMITH.

M'CASKEN vs. SMITH.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Where a workman, by the job, demands more than is authorized by his contract, and, on being refused, leaves his work uncompleted, the adverse party may immediately employ other workmen to complete the job, and the former cannot recover, even if he returns and afterwards offers to perform the work.

A workman should be remunerated for his labor, but must, on his part, comply strictly with his contract.

This is an action to recover the sum of six hundred dollars, for plastering the defendant's house, according to a written agreement between them. The plaintiff alleges, that he had nearly finished plastering the house, when, without any just cause, he was discharged by the defendant; but, that he has offered to finish said work in a workman-like manner, as agreed on, but that the defendant refuses to permit him. He prays judgment for the entire sum agreed on.

The defendant pleads a general denial, and avers that he was not bound to pay the plaintiff as the work progressed, but only on its completion. That he, however, paid him one hundred dollars in cash, and that he afterwards refused to go on with the work, or allow any other person to complete it, unless the defendant would give him his notes. Defendant hired other men to do the balance of the work, which cost him five hundred dollars, and he considered the contract between them at an end. He pleads these two sums, amounting to six hundred dollars, in compensation; and also produced an account for negro hire in assisting plaintiff, and for board, &c., amounting to five hundred and five dollars, for which he prays judgment in reconvention.

The evidence sustained the defendant's defence as regards the conduct of the plaintiff in quitting the work and leaving it unfinished. Part, only, of the accounts set up in the answer, were proved.

There was judgment, however, in favor of the plaintiff for one hundred and twenty dollars, and the defendant appealed.

*Gibbon*, for the plaintiff, submitted the case.

*Dwight*, for defendant, explained the contract between plaintiff and defendant, and showed its violation on the part of the former, and urged that the defendant recover his demand set up in reconvention.

*Simon J.*, delivered the opinion of the court.

Plaintiff claims six hundred dollars, as the amount of a contract for work to be done to defendant's house.    He alleges, that although the work was not entirely finished, he is entitled to the whole amount of his contract, because the defendant dismissed him without any just or legal cause.

Defendant pleads several matters in avoidance, and avers that he did not dismiss the plaintiff; that said plaintiff, having violated his contract by requiring defendant to pay him the whole amount to be due on the completion of the work, before the same was finished, or to give him his note for it, he, defendant, refused.    Whereupon, plaintiff abandoned his work, and declared that he would not go on to complete it and fulfil his contract; that defendant, considering the contract at an end, employed other workmen to finish the work.    He further pleads payment of one hundred and ninety dollars, claims compensation for the hire of negroes, and for what he has been obliged to pay to other workmen to complete the work, and prays that plaintiff's claim be rejected.

The District Court gave judgment in plaintiff's favor for one hundred and twenty dollars, and the defendant appealed.

The contract shows that payment for the work was to be made as it progressed, if required, and the balance when finished.

It appears, from the evidence, that plaintiff began to work in February.    On the 24th of May following, he signed a receipt for one hundred and ninety dollars.    About the time

he signed the receipt, plaintiff told defendant that he would not go on with the work unless defendant would give him his note for the work which was to be done. This defendant refused. Plaintiff then went to Franklin; and when he returned, he said he would go on with the work, but defendant replied that as he had broken his contract, he did not want him to finish the work. Defendant employed another workman. Plaintiff did not work any more, and what he had done was about one-half of the contract. Defendant paid upwards of three hundred dollars to the other workman to finish the work. The evidence shows, also, that plaintiff had employed three of defendant's negroes during the time he worked for him. Their hire is valued at one dollar and fifty cents per day. One of them worked for two weeks, and the two others for about two months.

We are satisfied, from the facts of the case, that if the plaintiff did not complete his contract, it was owing to his own fault. He had no right, under said contract, to demand payment for the work to be done. It was to be paid for as it progressed, and the balance when finished. He asked defendant one hundred dollars, which defendant did not refuse; and when he notified defendant that he would not go on with the work, and went to Franklin, we believe defendant was then authorized to employ another workman, as he was not obliged to wait until plaintiff thought proper to return; of this, plaintiff cannot complain, as his unreasonable pretensions were, from the evidence, the only cause of the difficulty. It is certainly just that workmen should be renumerated for their labor, and that they should be protected against the bad faith or injustice of their employers, but on the other hand, they should comply strictly with their contracts; and in the present case, we are not ready to say that defendant was bound to submit to the caprice of an individual, who, regardless of his obligations, showed himself determined to violate his contract. The principles established by this court, in the case of *Hayes* vs. *Marsh*, 11 *Louisiana Reports*, 372, would, in our opinion, be applicable to this case.

With this view of the question, and as the defendant has

Where a workman by the job demands more than is authorized by his contract, and on being refused leaves his work uncompleted the adverse party may immediately employ other workmen to complete the job, and the former cannot recover, even if he returns and afterwards offers to perform the work.

A workman should be remunerated for his labor, but must on his part comply strictly with his contract.

only prayed that the plaintiff's demand be rejected, we think the District Court erred in allowing him one hundred and twenty dollars. The defendant paid plaintiff one hundred and ninety dollars; the hire of his slaves amounted to more than one hundred and ten dollars, only one-half of the work was done when plaintiff declined to go on with his contract, and defendant having been obliged to employ another person, had to pay him upwards of three hundred dollars, thus he was fully compensated for the work he had done. On the whole, we are unable to discover how the judge *a quo* could give judgment in favor of the plaintiff.

WESTERN DIST.
*September,* 1840.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that ours be for the defendant with costs in both courts.